**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Joseph Michael HERMAN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 2, 2007.

Filed April 20, 2007.

Reargument Denied July 2, 2007.

---

**1232** ■

MaryJean Glick, Lancaster, for appellant.

Mark Mellett, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: HUDOCK, TODD, and POPOVICH, JJ.

OPINION BY TODD, J.:

¶ 1 Joseph Michael Herman, Jr. appeals the judgment of sentence imposed by the Lancaster County Court of Common Pleas on April 12, 2006 after he was convicted of criminal attempt to commit burglary,[1] criminal mischief,[2] possession of an instrument of crime ("PIC"),[3] and defiant trespass.[4] We affirm.

¶ 2 On December 26, 2004, while on routine patrol in the area of the Ferguson & Hassler grocery store, which was closed at the time, state police officers noticed a man who appeared to have just fallen off the side of the building. The police pursued the man, later identified as Appellant, and as they did so, the store's burglar alarm began to ring. The police eventually caught up with Appellant and arrested him. An investigation revealed that the store's burglar alarm was triggered by attempted access to the building from the roof. Police observed footprints leading to a hatch on the roof, and stacked cinder blocks from the ground to the lower tier of the roof. It was also discovered that the store phones were not working, and outside the police noticed that a phone line on a utility pole had been cut. In retracing Appellant's steps as he fled the scene, the police located a hacksaw within six feet of the footprints. The hacksaw contained remnants of what appeared to be copper and plastic, which appeared to match the telephone wire that had been cut outside of the store.

¶ 3 In addition to the aforementioned offenses, Appellant also was charged with loitering and prowling at night, 18 Pa. C.S.A. § 5506. Following the close of testimony at Appellant's jury trial, defense counsel moved for a judgment of acquittal on the attempted burglary charge and the loitering and prowling charge. He also challenged the grading of the criminal mischief charge as a third-degree felony. The trial court granted the motion with respect to the loitering and prowling charge, but denied the motion regarding the attempted burglary charge and the grading of the criminal mischief charge. The jury convicted Appellant of attempted burglary, criminal mischief, and PIC, and the court found Appellant guilty of defiant trespass. On April 12, 2006, Appellant was sentenced to an aggregate term of 1½ to 10 years imprisonment.

¶ 4 On appeal, Appellant argues that the evidence was insufficient to support his conviction for criminal mischief graded as a third-degree felony. Specifically, Appellant argues that the "[t]here was no evidence that the cutting of the telephone

---

1.  18 Pa.C.S.A. § 901.

2.  18 Pa.C.S.A. § 3304.

3.  18 Pa.C.S.A. § 907.

4.  18 Pa.C.S.A. § 3503.

lines to Ferguson & Hassler grocery store, while it was closed, constituted a substantial interruption or impairment of public communication or a public service." (Appellant's Brief at 8.)

¶5 When presented with a claim that the evidence was insufficient to sustain a conviction,

> an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 549 Pa. 352, 366, 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).

¶6 Section 3304 of the Crimes Code provides, in relevant part,

> **(a) Offense defined.**—A person is guilty of criminal mischief if he:
>
> * * *
>
> (2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property;
>
> * * *
>
> **(b) Grading.**—Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000, or a substantial interruption or impairment of public **communication,** transportation, supply of water, gas or power, or other public service. It is a misdemeanor of the second degree if

the actor intentionally causes pecuniary loss in excess of $1,000, or a misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess of $500 or causes a loss in excess of $150 for a violation of subsection (a)(4). Otherwise, criminal mischief is a summary offense.

18 Pa.C.S.A. § 3304(a) and (b).

¶7 Our research has revealed a dearth of case law defining what constitutes a substantial interruption or impairment of a public service. Both Appellant and the Commonwealth cite to this Court's decision in *Commonwealth v. Miller*, 234 Pa.Super. 146, 339 A.2d 573 (1975). In *Miller*, this Court held that the defendants properly were convicted of third-degree felony criminal mischief for cutting the legs off of the base of a fire tower, causing the tower to collapse onto a pole of a power line, and leaving a portion of a nearby community without electrical service.

¶8 Although Appellant concedes that it is "reasonable to infer that telephone service is a 'public service'" (Appellant's Brief at 10), he argues that because the cut telephone wires were limited to a single closed business, unlike the case in *Miller*, there was no substantial interruption or impairment of a public service. Appellant further asserts that the "common sense meaning of 'substantial' as used in § 3304(b) required that, at a minimum, multiple users of the public service at issue were affected." (Appellant's Brief at 11.) We do not agree.

¶9 The jury was presented with evidence that Appellant had cut a telephone line outside of the store. Such action rendered the store owner, its employees and its customers, completely without telephone service. Accordingly, we conclude that there were sufficient facts to enable the jury to determine that the actions of

Appellant resulted in a substantial interruption or impairment of a public service. Accordingly, we reject Appellant's argument that the evidence was insufficient to support his conviction, and we affirm Appellant's judgment of sentence.

¶ 10 Judgment of sentence AFFIRMED.