J-S49042-19

2019 PA Super 364

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. KEARNEY | : | |
| | : | |
| Appellant | : | No. 2236 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005031-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED DECEMBER 23, 2019**

Appellant, Thomas J. Kearney, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which sitting as finder of fact in Appellant's waiver trial, found him guilty of criminal mischief, 18 Pa.C.S. § 3304, *infra*, graded as a misdemeanor in the third degree.  On appeal, Appellant contends the court erred in *sua sponte* amending the grading of the charge of the offense from a felony of the third degree, involving at least $5,000 in pecuniary loss, to a misdemeanor of the third degree, requiring at least $500 in pecuniary loss, at the end of trial and immediately before announcing its verdict.

Appellant also challenges the sufficiency of the evidence offered to prove the statutory damages amount of $500 for the M3 offense.  For its part, the

_____

[*] Former Justice specially assigned to the Superior Court.

trial court now concedes both points and recommends we vacate judgment of sentence.

After careful review, we are constrained to vacate judgment of sentence, as we agree with the trial court that insufficient evidence was offered to prove at least $500 in damages suffered by the complainant.

The trial court sets forth the facts and procedural history, as follows:

On March 7, 2017, around 12:20 a.m., Detective Pridaka [of the Philadelphia Police Department] responded to a shooting incident complaint which occurred on the 5800 block of Anderson Street. At the scene of the incident, Detective Pridaka recovered two .40 caliber fired cartridge casings (FCCs) and noticed a white 2016 Dodge Charger RT, which had been damaged when a brick was thrown at it. Detective Pridaka prepared a crime scene sketch and took crime scene photos of the 5800 block of Anderson Street and the damaged vehicle. N.T. 6/15/18, at 64-65.

After the complaint was taken to the Northwest division, Detective Wayne Brown was assigned to the case and took a statement from the Complainant, Daniel Franklin. *Id.* at 39-40. The Complainant's statement indicated that when the Complainant left his house around 12:20 a.m., he saw a brick on top of his car and upon his removal of the brick, he noticed the brick had smashed his front windshield. The Complainant further described that there were dents all over the corner of his car and that he proceeded to call 911 regarding the damage to his vehicle.

[The complaint indicated further that] [w]hile the Complainant waited for police to respond, he noticed a car backing up at the corner of Price and Anderson and saw [Thomas Kearney], the Defendant [hereinafter "Appellant"], get out of the car and begin walking up the block towards the Complainant's vehicle. Appellant picked up the brick and threw it at the Complainant's car again. The Complainant screamed at Appellant, which prompted Appellant to take off running; while running, Appellant turned and started firing shots at the Complainant.

> The Complainant did not know Appellant by name, but he recognized him as his coworker's fiance'. *Id.* at 17-18. When asked by Detective Brown why Appellant would want to vandalize the Complainant's car, the Complainant responded that he [recently had] an affair with Appellant's fiancée. *Id.* at 22.

Trial Court Opinion, 1/9/19, at 2.

Appellant was charged with criminal mischief, graded as a felony in the third degree,[1] and he proceeded to a waiver trial. At trial, the Complainant testified that he was unable to remember anything about the night in question. The Commonwealth, therefore, had Complainant's police statement, which including Complainant's personal opinion that Appellant caused $10,000 damage to his car, admitted into the record pursuant to Pa.R.E. 803.1(1).

Specifically, in the police statement, the written form asks "What is the total damage to your vehicle? Complainant answered "The hood, body, door, window, tire flat. I am going to say $10,000 with all the dents and stuff. They will have to repaint the whole car." N.T. at 30-31. On cross-examination, however, Complainant confirmed he was "guessing" when he answered that the total damage to his vehicle would amount to $10,000. N.T. at 31. Appellant testified in his defense and admitted he threw a rock and a brick at Complainant's car, but he denied having or using a gun.

The court heard closing arguments, where defense counsel maintained that without any meaningful estimate from a body shop, garage, or other informed source, the only charge substantiated by the evidence was summary

---

[1] As noted, *supra*, criminal mischief graded as a felony of the third degree involves pecuniary loss in excess of $5,000. 18 Pa.C.S. § 3304(b).

criminal mischief, which involves damages less than $500. The Commonwealth failed to introduce any valuation evidence enabling the fact finder to assign a value that would support a higher grade of criminal mischief, the defense posited. N.T. at 101.

The Commonwealth denied that a professional estimate was necessary to prove its case, and it insisted, instead, that the fact finder could look to the evidence, including Complainant's own personal assessment that the damage totaled $10,000, and reasonably infer a valuation that would support the felony 3 charge. N.T. at 102-03.

The court began by finding Appellant not guilty of aggravated assault, simple assault, REAP, and PIC, as it "[did not] necessarily believe the Complainant's story[]" in its entirety and considered Appellant's version equally plausible, particularly because Appellant's conduct after the fact was inconsistent with his having committed a serious gun offense as charged. The court explained this record "creat[ed] reasonable doubt for this court." N.T. at 105-106, 107.

Turning to the charge of criminal mischief, felony in the third degree, the trial court stated the following:

> As it relates to criminal mischief, I don't have any idea what the cost is. What I saw, that damage was – the only damage that I can see visibly from the picture was the windshield itself. I didn't even see the damage that he talked about in terms of the paint that needed to be redone; the tires – I think if there was additional damage to the body of the car or the tires the police would have taken a picture. A picture of the windshield was taken. It's not

> $10,000 or $5,000. M3, over $500; M2, criminal mischief, over $1,000.
>
> Without really any estimate, or what I know of, a professional who would know the cost, between $500 and $1,000. Since it's less than $1,000, in my mind, from what I know, graded as M3, criminal mischief. That is what I find you guilty of.

N.T. at 106-07.

After the denial of post-sentence motions, Appellant filed a timely notice of appeal and complied with the trial court order directing him to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Specifically, Appellant's Rule 1925(b) statement assailed both the court's *sua sponte*, end-of-trial amendment of the criminal mischief charge from an F3 to an M3 offense when announcing its verdict, and the court's apparent finding that the M3 damages amount of at least $500 was proven either by reasonable inference from the evidence or by an appropriate taking of judicial notice.

In response to Appellant's Rule 1925(b) statement, the trial court authored a Rule 1925(a) opinion conceding that it erred in both respects:

> In reviewing the law, the trial court concedes it should have granted Appellant's Post-Sentence Motion, which Appellant's Concise Statement of Errors Complained of on Appeal focused on. The trial court concedes it should have entered a Judgment of Acquittal in this case rather than *sua sponte* amending the grading of the criminal mischief charge from a felony in the third degree to a misdemeanor in the third degree.
>
> After further review of the law, the trial court concedes that the evidence was insufficient as a matter of law to establish the charge of criminal mischief as a misdemeanor in the third degree because there was never any evidence placed on the record as to the value of the Complainant's pecuniary loss and the trial court erred in taking judicial notice of the window shield's [sic] cost to repair.

Based on the foregoing, the judgment of sentence should be disaffirmed and remanded.

Trial Court Opinion, at 3.

Appellant raises three issues for our review:

1.      Did the Trial Court abuse its discretion in sua sponte finding Appellant guilty of criminal mischief graded as a M1 [sic] where the bills of information graded the offense as a F3; Appellant was arraigned on the offense as a F3; and criminal mischief graded as an F3 and M1 [sic] have different elements because the loss required under both are different?

2.      Whether the evidence was sufficient as a matter of law to find Appellant guilty of criminal mischief graded as M1 [sic] where there was no evidence placed of record as it relates to the pecuniary loss and the trial court's reasoning that a window shied [sic] cost[s] an estimated amount of money was determined by facts not of record?

3.      Whether the trial court erred as a matter of law in taking judicial notice that a window cost[s] an estimated amount of money where the amount of loss was a disputed fact and the cost was not well-known in the community thus warranting supporting evidence to establish that fact?

Appellant's brief, at 4.

We address the second issue first, as we find it dispositive.  When reviewing a challenge to the sufficiency of the evidence, we consider whether, when viewing the evidence admitted at trial in the light most favorable to the verdict winner, the evidence was sufficient to enable the factfinder to find all elements of the offense established beyond a reasonable doubt. ***See Commonwealth v. Herman***, 924 A.2d 1231, 1233 (Pa. Super. 2007).  "Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of

law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Sebolka***, 205 A.3d 329, 337 (Pa. Super. 2019) (citation omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." ***Id***. (citation omitted).

Appellant was charged with violating 18 Pa.C.S. § 3304(a)(2), which provides:

(a) Offense defined.--A person is guilty of criminal mischief if he....

(2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property;

(b) **Grading**.--Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $ 5,000, or a substantial interruption or impairment of public communication, transportation, supply of water, gas or power, or other public service. It is a misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $ 1,000, or a **misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess of $ 500 or causes a loss in excess of $ 150 for a violation of subsection (a)(4)**. Otherwise criminal mischief is a summary offense.

18 Pa.C.S. § 3304(a)(2) and (b) (emphasis added).

Appellant argues that the Commonwealth presented insufficient evidence as to the "pecuniary loss or the amount of damage that was done to [Complainant's] car." Appellant's brief, at 11. Other than Complainant's unsubstantiated opinion on the night in question that damages totaled $10,000, Appellant contends, no other evidence of professional estimates, repair costs, or other possible proof of damage amounts were ever placed on the record. The Commonwealth counters the court reasonably inferred the

damages valuation from the evidence and properly concluded an M3 criminal mischief case was made.

After careful review of party briefs, the trial court's opinion, relevant law, and the record—which we read in a light most favorable to the Commonwealth as verdict winner—we are constrained to agree with the trial court's concession of error, as the record supports its opinion that the Commonwealth did not present evidence proving beyond a reasonable doubt windshield damage of at least $500. Nor did this case involve a valuation question resolvable by application of indisputable, commonly known facts about windshield repair permitting the court to take judicial notice that the windshield bore at least $500 in damage. [2]

---

[2] This Court has explained the proper exercise of judicial notice:

> Pa.R.E. 201(b) governs judicial notice of adjudicative facts. The rule states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to **sources whose accuracy cannot reasonably be questioned**." Pa.R.E. 201(b) (emphasis added). "A court may take judicial notice of an indisputable adjudicative fact." **Interest of D.S.,** 424 Pa.Super. 350, 622 A.2d 954, 957 (1993). A fact is indisputable if it is so well established as to be a matter of common knowledge. *Id.* Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary. **220 Partnership v. Philadelphia Elec. Co.,** 437 Pa.Super. 650, 650 A.2d 1094, 1096 (1994).

> Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to

- 8 -

Sitting as finder of fact at trial, the court expressed frustration in attempting to place a valuation on the windshield damage sustained by Complainant's vehicle. Initially, the court rejected the Commonwealth's proffer of Complainant's personal assessment of $10,000 in damages offered on the night in question because there was neither a reliable and disinterested witness to corroborate his assessment nor photographs depicting such extensive damage. To the latter point, the court reasonably noted that if the car sustained such extensive damage then the police would have taken photographs of it, as they did of the windshield. Additionally, the court considered the Complainant's statements from that night to be suspect, given the deep animosity existing between Appellant and himself.[3]

_____

prove an incontestable issue. *Interest of D.S.*, 622 A.2d at 957. However, the facts must be of a matter of common knowledge and derived from reliable sources "whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(2).

*Commonwealth v. Brown*, 839 A.2d 433, 435 (Pa.Super. 2003) (holding an internet site such as MapQuest™, which purports to establish distances between two locations, is not so reliable that its "accuracy cannot reasonably be questioned.").

[3] In attempting to advance its argument that circumstantial evidence supported the inference of M3 level damage to the windshield, the Commonwealth offers that the court, acting as "trier of fact[,] was entitled to assess the credibility of both witnesses and [Complainant's] written statement, and was entitled to believe all, part, or none of that evidence in reconciling factual disputes." We agree, but the trial record shows the Court found Complainant's crime scene statements in general, and his assessment in particular, lacking in credibility.

The court, thus, identified the photograph of the windshield as the sole evidence relevant to making a determination on damages. Yet, even with the photograph, it began the discussion on its factual findings by stating "I don't have any idea what the cost is." N.T. at 106. From there, the court reiterated it is "[w]ithout really any estimate or what I know of, a professional who would know the cost, between $500 and $1,000[.]" From that equivocal position, the court resorted to its own personal belief to deem the damage element of an M3 crime met: "[s]ince it's less than $1,000, in my mind, from what I know, . . . I find you guilty [of M3 criminal mischief]." Notably, never does the court state that it credits the photograph with providing proof beyond a reasonable doubt that the windshield damage was at least $500.

This excerpt shows the court engaged in speculation to reach a damages amount neither supported beyond a reasonable doubt by the evidence nor reflective of facts so well established and beyond dispute that a court could simply take judicial notice of the amount as common knowledge. Under the record before us, the extent of the windshield damage was not fully developed and, therefore, remained a matter of dispute.

Furthermore, in its Rule 1925(a) opinion, the court does not engage in a reassessment of either the evidence or its credibility determinations in making its concession of error and recommending that this Court reverse.[4]

_____

[4] *Cf Commonwealth v. Johnson*, 631 A.2d 639, 643 (Pa.Super. 1993) (recognizing that even where court sat as factfinder in non-jury trial, "[w]hen

Instead, the court simply acknowledges what the record demonstrates—that the Commonwealth placed no evidence on the record enabling a reliable valuation of damages of at least $500.

Even viewing the evidence in a light most favorable to the Commonwealth as verdict winner, as we must do, we agree with the trial court's Rule 1925(a) opinion. Accordingly, we find the damages evidence legally insufficient to support Appellant's conviction for M3 criminal mischief.

Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/19

---

considering a post-verdict motion in arrest of judgment or the granting of a new trial, 'the trial court cannot alter the verdict based upon a redetermination of credibility or a re-evaluation of evidence.'") (quoting **Commonwealth v. Nock**, 606 A.2d 1380, 1383 (Pa.Super. 1992)).