J-A14014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
              v.               :
                               :
                               :
                               :
TAMEKA LYNN ALVARADO           :
                               :
          Appellant            :  No. 1319 WDA 2020

Appeal from the Judgment of Sentence Entered November 23, 2020
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000796-2018

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 14, 2021**

Tameka Lynn Alvarado (Appellant) appeals from the judgment of

sentence imposed after the trial court convicted her of misdemeanor criminal

mischief – tampering with property, 18 Pa.C.S.A. § 3304(a)(2).  We affirm.

The trial court recited the case history as follows:

> On July 21, 2018, Mackenzie Evans was looking through the
> upstairs window in the bedroom of her residence located at 617
> Oak Street, New Castle, Lawrence County, Pennsylvania, when
> she observed [Appellant] outside.  Ms. Evans resided at that
> location with Michael Cox, who fathered children with both Ms.
> Evans and [Appellant].  At that time, [Appellant] was outside of
> the residence to retrieve her child despite prior plans for her and
> Mr. Cox to exchange custody of the child at East Side Mini Mart
> convenience store.  [Appellant] approached the residence and
> knocked on the door belonging to the downstairs apartment,
> which was not occupied by Ms. Evans or Mr. Cox.  She then
> knocked on the door for Ms. Evans' residence, but no one let her
> inside.  [Appellant] went to Ms. Evans' vehicle, a 2008 Hyundai
> Sonata, and started kicking it.  Mr. Cox then chased [Appellant]
> away from the vehicle.  Ms. Evans recorded a video on her cell
> phone showing a portion of those events.  The video depicts

[Appellant] make a kicking motion in the area of the rear passenger side door of the vehicle, then she walks over to the front passenger side door and leans in towards the window. The video subsequently shows Mr. Cox chasing her away from the vehicle.

Patrolman James Paglia of the New Castle Police Department was dispatched to investigate the disturbance at the residence. Upon his arrival, Officer Paglia spoke with the victim Mackenzie Evans, who stated [Appellant] damaged her vehicle by punching or kicking it as a result of [Appellant] being upset while retrieving her son from his father's custody due to another female being present. Officer Paglia observed the vehicle parked in front of the residence and there was some damage to most of the panels on the vehicle. Ms. Evans received an estimate from Nick's Auto Body indicating there was damage to the rear door in the amount of $375.00 and damage to the rear quarter panel in the amount of $312.50.

On November 1, 2018, the Commonwealth filed an Information charging [Appellant] with Criminal Mischief - Tampering with Property. [Appellant] filed a Petition for Writ of Habeas Corpus on August 26, 2019, and a hearing was scheduled for September 10, 2019. However, that hearing was continued on September 10, 2019, and rescheduled for October 11, 2019. The hearing was continued again on October 3, 2019, causing it to be scheduled for and held on December 3, 2019. The Honorable J. Craig Cox issued an order and opinion dated December 6, 2019, which granted [Appellant's] Petition for Writ of Habeas Corpus to the extent the Information was amended to reflect the charge of Criminal Mischief was graded as a Misdemeanor of the third degree. This matter proceeded to a non-jury trial on July 17, 2020. At the conclusion of the trial, [Appellant] was convicted on the charge of Criminal Mischief. She was then sentenced on November 23, 2020, to serve 1 year of probation under the supervision of the Adult Probation Office of Lawrence County and [Appellant] was ordered to pay restitution in the amount of $687.50.

[Appellant] filed a timely Notice of Appeal and Concise Statement of Errors Complained of on Appeal contending this court erred when it denied [Appellant's] Motion for Judgment of Acquittal when the evidence presented was insufficient as a matter of law to demonstrate guilt beyond a reasonable doubt with

respect to the charge of Criminal Mischief-Tampering with Property.

Trial Court Opinion, 2/9/21, at 1-4 (footnote omitted).

As she did with the trial court, Appellant argues on appeal that the evidence was insufficient to support her conviction. She presents the following question:

1. Did the Trial Court err as a matter of law when it denied [Appellant's] Motion for Judgment of Acquittal when the evidence presented was insufficient as a matter of law to demonstrate guilt beyond a reasonable doubt with respect to the charge of Criminal Mischief-Tamper with Property, a misdemeanor of the third degree.

Appellant's Brief at 4.

When reviewing a challenge to the sufficiency of the evidence, we consider whether, when viewing the evidence admitted at trial in the light most favorable to the verdict winner, the evidence was sufficient to enable the factfinder to find all elements of the offense established beyond a reasonable doubt. *Commonwealth v. Kearney*, 225 A.3d 590, 594 (Pa. Super. 2019) (citation omitted). "Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law, no probability of fact can be drawn from the combined circumstances." *Id.* "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Id.* (citation omitted).

Instantly, Appellant concedes she committed criminal mischief, but argues she "should have been found guilty of a summary offense." Appellant's

Brief at 9, 10. She states the "sole question being raised is the damage to the vehicle attributable to Appellant," and claims "[e]ven in a light most favorable to the Commonwealth, [the] testimony cannot be considered sufficient to establish that Appellant caused damage to the vehicle in excess of five-hundred dollars." *Id.* at 12, 14.[1] We disagree.

Appellant was convicted under 18 Pa.C.S.A. § 3304(a)(2), which defines criminal mischief as intentional or reckless tampering "with tangible property of another so as to endanger person or property." Relevant to Appellant's argument:

> Criminal mischief is a . . . misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $1,000, or a misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess of $500. Otherwise criminal mischief is a summary offense.

18 Pa.C.S.A. § 3304.

The trial court and Appellant both rely on **Commonwealth v. Battiato**, 619 A.2d 359 (Pa. Super. 1993) (abrogated on unrelated grounds) (citing **In re Gillen**, 344 A.2d 706, 708 (Pa. Super. 1975)). This Court in **Battiato** stated:

> Where criminal mischief is charged as a felony or misdemeanor, the monetary value of the damage caused by the defendant is an essential element of the offense. **See: In re Gillen**, 236 Pa. Super. 521, 525, 344 A.2d 706, 708 (1975). However, proof of pecuniary loss is not required under 18 Pa.C.S. § 3304, when criminal mischief is charged as a summary offense.

---

[1] The Commonwealth has not filed a response brief.

*Id.* at 363 (citation omitted).

Appellant does not dispute that when criminal mischief is charged as a felony or misdemeanor, the monetary value of the damage caused by the defendant is an essential element of the offense. *See Commonwealth v. Kearney*, 225 A.3d at 595. Rather, she asserts the evidence was insufficient to establish she caused damage to Ms. Evans' vehicle in excess of $500. Appellant argues:

> The only truly credible evidence presented at the trial was the brief video taken by Ms. Evans. This video established that [Appellant] made a kicking motion at the vehicle in a singular area. The damage associated with the action in the video would be for either the back door of the vehicle for damage of three hundred and seventy-five dollars ($375.00) or to the rear quarter panel of the vehicle for damage of three hundred and twelve dollars and fifty cents. ($312.50). The evidence, even viewed in a light most favorable to the Commonwealth, fails to establish that [Appellant] was responsible for damage to both. The record is devoid of any additional credible evidence. Even if it were determined that the damage was the higher of the two estimates, the result would be that the charge be a summary offense.

Appellant's Brief at 12.

Appellant claims Ms. Evans' testimony was "weak and inconclusive." *Id.* at 13. She also states Mr. Cox was "the one individual most competent to testify [about] exactly what damage may have been done by [Appellant], but because the Commonwealth "failed to produce the testimony of Mr. Cox, [the trial court] relied on the testimony of Ms. Evans." *Id.* She maintains that the court's reliance was "unwarranted given the self-contradictory nature of [Ms. Evans'] observations of the whereabouts of Mr. Cox and her complete

disinterest in the situation." *Id.* Appellant states Ms. Evans "did not take more than a 15 second video of an event that she alleges occurred for five or six minutes," and concludes that Ms. Evans' "actions . . . or lack of action," lead to the "only rational explanation [] that she did not witness [Appellant] damaging the vehicle." *Id.*

Appellant's argument lacks merit. The trial court, sitting as factfinder, stated:

> [The video] demonstrated [Appellant] kicked the rear passenger door area of the vehicle then proceeded to the front passenger door and leaned in toward the window. The video also shows Mr. Cox chasing [Appellant] away from the vehicle. The recording made by Ms. Evans clearly substantiates her rendition of the events that day. Moreover, Officer Paglia stated he observed damage to almost all of the panels of the vehicle[.]

Trial Court Opinion, 2/9/21, at 7.

The record supports the trial court's assessment of the evidence and belies Appellant's argument. Pertinently, the parties stipulated to the trial court taking judicial notice of Judge Cox's December 6, 2019 order granting Appellant's petition for writ of habeas corpus and amending the information. The Commonwealth specifically requested — and the parties agreed — to the court taking "judicial notice of the Order of Court of Judge Cox . . . regarding the damage estimate and the changing of the grading from a felony three to a misdemeanor three." N.T., 7/17/20, at 13.

Thereafter, Mackenzie Evans testified about witnessing Appellant "kicking" Ms. Evans' car and causing damage. *Id.* at 14-15. Ms. Evans said

she took video, but "didn't get the whole thing." *Id.* at 17. Contrary to Appellant's argument, Ms. Evans expressly stated that her car was not damaged prior to the incident, and that Appellant "dented all four panels of the car." *Id.* at 20. On cross-examination, Ms. Evans repeated that with regard to damage, her car "had nothing but what [Appellant] did." *Id.* at 26.

Ms. Evans additionally testified that she took her car to Nick's Auto Body, where she received a repair estimate for the "dents [Appellant] did to the car." *Id.* The estimate, which the court admitted into evidence without objection as Commonwealth Exhibit 1, itemized the damage as including $375 for "the rear door amount," and $312.50 "for the quarter panel." *Id.* at 20-21.

Officer James Paglia of the City of New Castle Police testified to reporting to the disturbance and speaking with Ms. Evans, who told him:

> That [Appellant] damaged her car. That she kicked and punched it and went the whole way around it and that she had some video of the incident.

*Id.* at 30. Officer Paglia stated he "did see some damage to the vehicle," and described "dented fenders . . . I don't know what there was prior to the incident, but there was some body damage to most of the panels of the vehicle." *Id.* On cross-examination, he testified there "was damage to every body part of the car. I do recall that. … There was at least one large dent on every panel of that vehicle." *Id.* at 38.

After the testimony of their two witnesses, the Commonwealth rested. Appellant chose not to testify and did not present any witnesses. The trial

- 7 -

court then stated, "I do feel it's a credibility issue … I thought [Ms. Evans'] testimony was straightforward[.]" *Id.* at 50. The court stated it found Appellant guilty of criminal mischief, and specifically that "the damages are in excess of $500 but less than $1,000[.]" *Id.*

On this record, the evidence was sufficient for the trial court to convict Appellant of misdemeanor criminal mischief. *See Kearney, supra.* As the court did not err, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/14/2021