J-S15042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY DONALD SNYDER | : | |
| | : | |
| Appellant | : | No. 988 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 9, 2020
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000064-2019

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JULY 23, 2021**

Zachary Donald Snyder appeals, *nunc pro tunc*, from the judgment of sentence entered in the Potter County Court of Common Pleas, which followed a jury finding him guilty of making both a materially false written statement in connection with the sale or transfer of firearms, **see** 18 Pa.C.S.A. § 6111(g)(4)(ii), and an unsworn falsification to authorities, **see** 18 Pa.C.S.A. § 4904. For these two offenses, Snyder was sentenced to an aggregate incarceration period of sixteen to forty-eight months. On appeal, Snyder challenges the discretionary aspects of his sentence and the sufficiency of the evidence used to convict him. In finding no merit to either contention, we affirm.

While the factual history of this matter is sparsely documented, Snyder

_____

[*] Retired Senior Judge assigned to the Superior Court.

was convicted of the above-mentioned offenses after attempting to purchase a handgun from a licensed firearm dealer. In order to obtain the handgun, Snyder was required to complete a federal application as well as a Pennsylvania State Police application and record of sale, which is inclusive of a signature section verifying that the information provided was true. Between those two forms, Snyder erroneously indicated that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year nor had he been convicted of a felony. Moreover, on the federal application, Snyder answered that he was not an unlawful user nor addicted to marijuana or any other controlled substance. Following submission of those applications, they were denied, and Snyder was subsequently charged and arrested.

Snyder filed a timely post-sentence motion after sentencing, which was denied. Although there appears to have been some procedural irregularities in the filing of his notice of appeal due to, in part, the withdrawal and subsequent new appointment of counsel, those issues have resolved themselves by way of *nunc pro tunc* relief. Following the restoration of Snyder's appeal rights, the relevant parties complied with their respective obligations under Pa.R.A.P. 1925, and this case is now ripe for disposition.

Snyder presents two questions for our review:

1) Did the trial court abuse its discretion in sentencing when it failed to consider his rehabilitative efforts?

2) Was the evidence at trial sufficient to sustain a conviction for the offense of making a materially false written statement in connection with the sale or transfer of firearms?

*See* Appellant's Brief, at 11.

Snyder's first assertion, that the sentencing court failed to account for certain mitigating circumstances, involves a challenge to the discretionary aspects of his sentence. Such a contention does not automatically establish the right to appellate review. Instead, to invoke this Court's jurisdiction, we must consider: "(1) whether the appeal is timely; (2) whether [the] Appellant preserved his issue; (3) whether [the] Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Snyder has satisfied the first three of these requirements. Therefore, we exclusively address whether he raised a substantial question. In his concise statement and while conceding that his sentence was in the standard range, Snyder avers that the application of the sentencing guidelines, as to him, was unreasonable and resulted in an excessive sentence. *See* Appellant's Brief, at 17-18. Snyder continues by proclaiming that the sentencing court failed to consider the gravity of the offense vis-à-vis the impact on the community and further failed to consider mitigating factors specific to himself. *See id*.

Other than conclusory legal and factual assertions and direct quotations from the sentencing code, Snyder has failed to elaborate to any great degree

in his concise statement as to how or why his sentence is clearly unreasonable. However, we find that by raising an excessiveness claim in tandem with an argument that the court failed to consider specific mitigating factors, he has presented this Court with a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

To Snyder's substantive point, the gravamen of his argument is that his ultimate sentence was excessive in comparison to both his "trivial" acts and those acts' lack of impact on the community. *See* Appellant's Brief, at 24; *see also* 42 Pa.C.S.A. § 9721(b) (establishing, *inter alia*, the need for a sentencing court to consider an offense's impact on the community). Our review of a challenge to the discretionary aspects of a sentence consists of ascertaining whether the sentencing court abused its discretion.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Raven*, 97 A.3d at 1253 (citation omitted).

Snyder claims that "the trivial act of marking boxes on an application resulted in no adverse impact on the community." Appellant's Brief, at 24. Stated differently, Snyder classifies his conduct as "merely mark[ing] a couple of boxes on applications." *Id*., at 27.

"When imposing a sentence, the sentencing court must consider the

factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." **Commonwealth v. Fullin**, 892 A.2d 843, 847–48 (Pa. Super. 2006) (citations omitted). In his brief, Snyder singularly cites to **Commonwealth v. Caldwell**, 117 A.3d 763, 772 (Pa. Super. 2015) (*en banc*), for the proposition that "the trial court appropriately considered the gravity of [that appellant's] offense." Appellant's Brief, at 22. However, in this case, "the [t]rial [c]ourt did not consider the gravity of [Snyder's] actions." **Id**.

Through our thorough review of the record, we conclude that the sentencing court did not abuse its discretion. First, by Snyder's own admission, his aggregate sentence fell within the standard range of someone with his prior record score. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the [s]entencing [c]ode." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Second, Snyder fails to expound on his assertion that he was simply performing a "trivial act" when he incorporated false information into his firearms applications. While, obviously, his actions in this instance have no direct or visualizable victim, Snyder appears to be, to a certain extent, trivializing the elements of the crimes in which he was convicted. When Snyder

filled out those applications, inclusive of his signature affirming the veracity of his filled-in information, his intention was to acquire a firearm. Qualifying his actions as "trivial" would render the completion of any falsified firearms application immune from criminal prosecution.

Third, the "adverse impact on the community" sentencing standard, essentially the only statutory provision Snyder claims the sentencing court did not consider, is inherent to and explicit in the court's considerations. The sentencing court reviewed Snyder's pre-sentence investigation report. **See** Trial Court Opinion, 11/30/20, at 2 (unpaginated). Examination of a pre-sentence investigation report creates the presumption that the court properly considered and weighed all relevant factors when it crafted Snyder's sentence. **See Commonwealth v. Kitchen**, 162 A.3d 1140, 1147 (Pa. Super. 2017). Other than the vague references that attempt to discount his actions, Snyder fails to overcome this presumption. Simply put, Snyder does not establish what the sentencing court was supposed to consider when it looked at his actions' impacts on the community. Conversely, the sentencing court had acute knowledge of Snyder's drug usage and prior court involvement, which mandated prohibition from gun ownership under federal and state law. **See, e.g**., Trial Court Opinion, at 1 (establishing that "the court was thoroughly familiar with [Snyder's] long standing drug problems"). While the court was, too, knowledgeable about Snyder's desire to overcome his drug addiction, **see id**., we presume, absent any assertion from Snyder to the contrary, that it

was cognizant of the safety-related impacts that could have occurred in the community had Snyder received his desired firearm. As Snyder has failed to demonstrate how the sentencing court committed an abuse of discretion when it constructed his standard-range sentence, he is due no relief on this issue.

Snyder's second contention challenges the sufficiency of the evidence used to convict him, which is seemingly limited to just the offense of him having made a materially false written statement in connection with a gun purchase. A challenge to the sufficiency of the evidence requires viewing the admitted evidence in a light most favorable to the verdict winner. *Commonwealth v. Kearney*, 225 A.3d 590, 594 (Pa. Super. 2019). However, that evidence must be sufficient to enable the factfinder to, beyond a reasonable doubt, find the elements of an offense have been met. *See id*. "Any doubt about the defendant's guilt is to be resolved by the fact[]finder unless the evidence is so weak and inconclusive that as a matter of law, no probability of fact can be drawn from the combined circumstances." *Id*. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Id*. (citation omitted).

Snyder's sufficiency argument rests upon the assertion that "the Commonwealth failed to provide sufficient evidence that [he] knowingly and intelligently [sic] made a false statement," Appellant's Brief, at 24, leading to his conviction. Any person commits a third-degree felony if "in connection with the purchase … of a firearm … he knowingly and intentionally: makes any

materially false written statement, including a statement on any form promulgated by Federal or State agencies[.]" 18 Pa.C.S.A. § 6111(g)(4)(ii) (sub-heading omitted).

Snyder indicates that he had not been convicted of a felony prior to the completion of his firearm applications. However, he "had been convicted of misdemeanors that could have resulted in a term of imprisonment of more than one year prior to the competition of the applications." Appellant's Brief, at 26-27. Snyder claims that, when filling out the application, he only saw the at-issue question reference the word "felony" rather than also specify the one-year-or-more incarceration component. *See id*., at 27. In addition, Snyder asserts that he was unaware what his prior maximum terms of incarceration were. *See id*. As to the one application's drug-related question, Snyder indicates that he had been in a drug treatment program and did not consider himself to, at that point, be addicted to any substance specified on the form. *See id*., at 28-29.

Given the precepts this Court employs in a sufficiency claim, inclusive of the great deference bestowed upon the factfinder in making its ultimate determinations as well as the latitude given to the Commonwealth in its ability to make an entirely circumstantial case, we find that Snyder has not demonstrated that the evidence presented at trial was insufficient to convict beyond a reasonable doubt.

To start, ignorance of the law does not immunize an individual from the

consequences of criminality. **See Commonwealth v. Homer**, 928 A.2d 1085, 1090 (Pa. Super. 2007). Next, even assuming that Snyder glossed over the terms on the firearms applications or, separately, was actually unaware of the lengths of his prior offenses' sentences, the affixing of his signature at the end of the document constitutes a complete understanding that he has read the form in its entirety and submitted accurate information.

Even so, it strains credulity that Snyder did not know he had been sentenced for criminal offenses that, at a minimum, had terms of incarceration extending beyond one year in length. In fact, he acknowledges that, having been convicted of at least two prior first-degree misdemeanor offenses, "he was advised that the maximum period of incarceration for a first-degree misdemeanor is five years." Appellant's Brief, at 11. The jury heard information related to Snyder's prior sentences and his advisement thereof. **See** N.T., 3/17/20, 28-32. The Commonwealth was free to prove Snyder's knowledge or, at a minimum, constructive knowledge, as to the lengths of his prior sentences, and the jury was free to make rationally-related inferences based on the evidence that had been presented. Similarly, the jury heard testimony reflecting Snyder's addiction to, among other things, heroin. **See id**., at 36. When taken together and when viewing the evidence presented in a light most favorable to the Commonwealth, Snyder has failed to demonstrate any cognizable basis to disturb the jury's verdict, which found that Snyder knowingly assented to the information he, himself, wrote on the

firearms applications.

Accordingly, in finding no validity to either of his claims, we affirm Snyder's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2021