J-S28033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYNLY B. KILBY | : | |
| | : | |
| Appellant | : | No. 262 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 18, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005134-2022

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                              **FILED OCTOBER 11, 2024**

Brynly B. Kilby ("Kilby") appeals from the judgment of sentence imposed following her conviction for criminal mischief, graded as a felony of the third-degree.[1]  We affirm.

In 2022, Kilby broke into the home of her sister and brother-in-law, Bronwyn and Curtis Callands, causing significant property damage.  The Callands returned home, discovered the destruction, and notified police.  The home's security camera captured Kilby breaking into the home.  Thereafter, the police located Kilby, arrested her, and charged her with criminal mischief as a felony of the third-degree and related charges.

The matter proceeded to a bench trial.  Defense counsel stipulated that Kilby entered the Callands' home, without permission, and caused damage.

_____

[1] **See** 18 Pa.C.S.A. § 3304(a)(5).

*See* N.T., 10/3/23, at 6-7. Mr. Callands testified to the specific damage in the home, including the destruction of the kitchen, living room, master bedroom, and hallways. *See id*. at 19-39. Mr. Callands explained that he provided a detailed and itemized list of the damages to his homeowner's insurance company. *See id*. at 47. Mr. Callands stated that the insurance company sent an investigator to confirm and assess the damages, and to estimate the repair and replacement values. *See id*. at 54-55. Mr. Callands testified that the insurance company approved the claim and disbursed over $17,000 to the Callands for the property damage caused by Kilby. *See id*. at 46.

Kilby testified that she did not believe she caused damages in excess of $5,000. *See id*. at 62. Her counsel thereafter argued that the Commonwealth failed to prove the value of the damages beyond a reasonable doubt and, therefore, the grading of the criminal mischief charge should be reduced from a felony of the third degree to a misdemeanor. *See id*. at 65. At the conclusion of trial, the trial court found Kilby guilty of criminal mischief and graded the offense as a felony of the third-degree based on its finding that the property damage exceeded $5,000. *See id*. at 68. The trial court deferred sentencing and ordered the preparation of presentence investigation report ("PSI") and mental health evaluation in advance of the sentencing hearing. Kilby did not comply with the PSI or the mental health evaluation. *See id*. at 68-69.

On December 18, 2023, the trial court sentenced Kilby to two to twelve months in prison, followed by four years of probation, and imposed the condition that she undergo a mental health evaluation. The trial court further ordered that Kilby pay restitution to the insurance company in the amount of $17,584.63. Kilby did not file a post-sentence motion. Kilby filed a timely notice of appeal, and both she and the trial court complied with Pa.R.A.P. 1925.

Kilby raises the following issues for our review:

1. Was the evidence insufficient to establish the grading of criminal mischief as a felony of the third degree where valuation of the property damage in question was based entirely on surmise and conjecture?

2. Did the lower court err in ordering over $17,000 in restitution where the evidence introduced to support such an amount indicated that complainants had already been reimbursed by their insurance company for that amount?

Kilby's Brief at 3 (unnecessary capitalization omitted).

In her first issue, Kilby challenges the sufficiency of the evidence supporting the grading of her conviction for criminal mischief.[2] A challenge to

_____

[2] We note that a claim that the court improperly graded an offense for sentencing purposes generally implicates the legality of a sentence. *See Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013). However, when criminal mischief is charged as a felony, the monetary value of the damage caused is considered an essential element of the offense. *See Commonwealth v. Battiato*, 619 A.2d 359, 363 (Pa. Super. 1993) (abrogated on other grounds). Accordingly, a challenge to the monetary amount caused by the criminal mischief is treated as a traditional challenge to the sufficiency of the evidence. *See Commonwealth v. Kearney*, 225 A.3d 590, 595 (Pa. Super. 2019) (vacating judgment of sentence where Commonwealth failed to produce damages evidence sufficient to establish
*(Footnote Continued Next Page)*

the sufficiency of the evidence presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Johnson***, 236 A.3d 1141, 1152 (Pa. Super. 2020). When considering a challenge to the sufficiency of the evidence:

> [W]e evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."

_____

damages between $500 and $1,000 as required to support third-degree misdemeanor criminal mischief conviction).

- 4 -

***Commonwealth v. Orr***, 38 A.3d 868, 873 (Pa. Super. 2011) (*en banc*).

A person is guilty of criminal mischief as felony of the third degree if they "intentionally damage[] real or personal property of another" and the damage exceeds $5,000 in value. 18 Pa.C.S.A. § 3304(a)(5), (b).

Kilby argues that the evidence supporting the valuation of the property damage she caused was based entirely on surmise and conjecture, and that the Commonwealth failed to prove beyond a reasonable doubt that the damages exceeded $5,000. Kilby acknowledges Mr. Callands' testimony regarding the property damage, and the invoice stating the insurance company's payment to the Callands; however, she contends that because there was no itemized list or specific estimates for repair, the invoice was nothing more than speculation as to the value of the damages.

The trial court considered Kilby's first issue and determined that it lacked merit. The trial court reasoned:

> At trial, the parties stipulated that [Kilby] vandalized the home. The only issue at trial was the amount of damage caused. [Mr. Callands] testified about the damage he incurred at his residence as a direct result of [Kilby's] criminal actions. He described the layout of his home and the state of his home before and after the incident occurred. He described the damage that he observed in his home. The Commonwealth presented a series of photographs that fairly and accurately depicted the damage throughout the home. . . .
>
> * * * *
>
> The evidence submitted at trial was sufficient to establish that the pecuniary loss was greater than $5,000 to sustain the charge of criminal mischief graded as a felony of the third degree. The Commonwealth presented specific documentation of the

- 5 -

valuation of the damages, and provided the exact amount that the insurance company paid [the Callands] for the damages incurred as a direct result of [Kilby's] criminal conduct. The insurance company valued the damage [at] $17,584.63. The testimony demonstrated that this valuation was based on two professional estimates to repair damaged items, and an itemization of replacement costs for items that had been broken or destroyed. [Mr. Callands] provided a detailed description of the damages incurred to his home and an accurate estimation of the costs to repair the damage and replace the damaged items. The insurance company visited the home to observe the damage. The court found [Mr. Callands'] testimony credible and worthy of belief. The court properly concluded that the pecuniary loss was greater than $5,000 to sustain the guilty verdict for the charge of criminal mischief graded as a felony of the third degree.

Trial Court Opinion, 3/8/24, at 7, 9-10.

Viewing the evidence in the light most favorable to the Commonwealth, and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, we conclude that Kilby's conviction is supported by sufficient evidence. Mr. Callands testified that he provided a detailed, itemized list of the damages Kilby caused, and the insurance company verified those damages and calculated the amounts required to repair and replace the items. Mr. Callands additionally provided documentation showing the exact value paid by the insurance company, which exceeded $5,000. Thus, the record supports the trial court's determination that Kilby caused property damage in excess of $5,000 go as to support the grading of her conviction as a felony of the third degree. Accordingly, Kilby's first issue merits no relief.

In her second issue, Kilby challenges the trial court's restitution order. Specifically, Kilby argues that the trial court ordered restitution be paid directly

to the Callands, instead of to the insurance company. Initially, we note that a challenge to the manner in which the sentencing court fashions a restitution order constitutes a challenge to the discretionary aspects of the sentence. *See Commonwealth v. Weir*, 239 A.3d 25, 37 (Pa. 2020) (recognizing that fashioning the restitution order remains in the exercise of the sentencing court's discretion). In this regard, we consider a challenge to the discretionary aspects of sentence to be a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010). Before we reach the merits of a challenge to the discretionary aspects of sentence, this Court must conduct a four-part analysis determining:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

In the instant case, Kilby did not preserve the instant issue at sentencing or in a post-sentence motion. As such, she has waived the issue for our review. *See Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (holding that the failure to raise a discretionary sentencing claim in a post-sentence motion or by presenting the claim to the trial court during the

sentencing proceedings results in waiver of the claim).[3]  Accordingly, we decline to review Kilby's second issue.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2024

_____

[3] We note that, even if Kilby had preserved her challenge to the manner in which the trial court fashioned its restitution order, her argument would fail as she incorrectly argues that the trial court ordered restitution be paid to the Callands, rather than the insurance company.  However, the record reflects that the trial court, in fact, ordered that Kilby pay restitution directly to the insurance company.  *See* Restitution Order, 12/18/23.